**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**RONNIE CROWE D/B/A FORCE ELECTRIC**                                         **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO.  1:06cv1018JMR-JMR**

**MELTON HOLDING L.L.C , et al**                                         **DEFENDANTS**

**<u>MEMORANDUM OPINION</u>**

**T**his cause comes before the Court on the motion of the Plaintiff, Ronnie Crowe d/b/a as Force Electric ("Crowe") for judgment on the pleadings [23-1] to Rule 12(c) of the Federal Rules of Civil Procedure.  After due consideration of the evidence of record, the brief of counsel, the applicable law and being otherwise fully advised in the premises, the Court finds as follows:

The underlying claim arises from  a dispute between Ronnie Crowe d/b/a Force Electric ("Crowe"),a Mississippi company with its principal place of business located in Vancleave, Mississippi and John Melton is a Florida resident and his company, Melton Holdings ,a Florida company with its principal  place of business located in Winter Springs, Florida.  Plaintiff alleges that he was contacted by the Defendant to furnish labor and materials for a tract of real property known as "Woodland Park".  The parties entered into a contract whereby the Plaintiff would make certain improvements to the property as well as necessary repairs for the function of the well and sewer treatment system on a time and material and cost plus basis. The contract entered on March 10, 2006 is attached to the Complaint [1-1] as Exhibit "A" .

Plaintiff alleges that he performed the tasks required in the contract and presented invoices for all materials, labor, equipment rental and other related charges regarding this contract to the Defendants.  The first invoice is dated March  27, 2006 for the amount of $144,709.54 and the

second invoice dated April 7, 2006 is for the amount of $73,444.98 for a total amount of $188,154.50. The invoices are attached to the Complaint [1-1]as Exhibits "B"and "C". As a result of the failure to pay these invoices, Plaintiff filed suit on July 11, 2006 in the Circuit Court of Jackson County ,Mississippi.

The matter was removed on October 12, 2006 by the Defendants. On October 17, 2006, Defendants, then represented by counsel, filed a Motion to Set Aside Entry of Default.  The Order granting Defendants' motion was entered on November 27, 2006 and Plaintiff was ordered to take steps necessary to remove the Judgment filed on September 26, 2006 from the Judgment Roll of Jackson County ,Mississippi and other venues which it had been enrolled. On January 2, 2007, Defendants filed their Answer alleging among other affirmative defenses that Plaintiff's claims were barred by his failure to perform the work in a workman like manner.  The Court entered a Case Management Order on December 15, 2007 which  set a bench trial date of October 18, 2007. On January 25, 2007, Plaintiff propounded discovery to the Defendants which was never answered despite requests from Plaintiff's counsel. Plaintiff  also made numerous requests to depose Defendants but a date was never set.  As a result of inability to contact his client to respond to the propounded discovery or to set depositions dates, on April 24, 2007, Defendants' counsel  filed a Motion to Withdraw. The notice was mailed by certified mail on May 18, 2007 as reflected by the docket [20-1]. Prior to the hearing, Defendants did not communicate with their former attorney or the Court and the mail was not returned on June 14, 2007, the Court heard the motion, neither John Melton or any representative of his company, Melton Holding was  present at the hearing. On June 19, 2007, the Court entered an Order stating that Defendants allowed thirty days to inform the Court, in writing,  of their selection of new counsel or that John Melton that intended to proceed *pro se* . Defendants were further warned that their failure to comply with this Order may result in Judgment

being awarded against them. The Court 's Order was sent to the Defendants' last known address and the Order was not returned.   On September 9, 2007, Plaintiff filed a Motion for Judgment. Defendants have not responded to the aforementioned motion.

A motion brought pursuant to Rule 12(c)of Federal Rules of Civil Procedure is designed to dispose of cases where the material facts are not in dispute and judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co.v. Touchstone Props Ltd*.914 F.2d 74,76(5th Cir.1990) The Court has the authority to enter Judgment against a party for its failure to a defense with reasonable diligence or to comply with the Order of the Court. *Flaska v. Little River Marine Construction Co.* 389 F.2d 885(5th Cir.1968); *Bonzanza International v. Corceller,* 480 F.2d 613 (5th Cir.1973) . This Court also has the authority to achieve the orderly and expeditious disposition of its cases. *Marshall v. Southern Farm Bureau Casualty*, 353 F.2d737( 5th Cir.1965) and *Link v. Wabash Railroad Company*, 370 U.S.626,82S.Ct.1386(1962) .

The Court finds that the Plaintiff filed its Complaint against the Defendants seeking to recover a Judgment based upon the Defendants failure to honor their obligation pursuant to the contract entered that existed between them. Defendants were initially represented by counsel, but due to an apparent lack of communication the Defendants' counsel was allowed to withdraw. The Order allowed Defendants to inform the Court in writing of their selection of new counsel on or prior to July 19, 2007. Defendants  have not complied with this Order.

Neither Defendants or anyone on their behalf , have contacted the Court, filed any response to discovery propounded to them on January 25,  2007. Defendants have not allowed the Plaintiff to take their depositions.  Defendants have not responded to the pending dispositive motion filed on the eve of the scheduled pre-trial conference, September 27, 2007at 9:30A.M.  The Court finds that

circumstances indicate that Defendants have chosen not to raise a defense against the allegations raised in the Complaint. The Court, further, finds that Judgement should be awarded as a matter of law on the pleadings on this matter for their failures to comply with the Order of the Court and to defend against the allegations raised in the Complaint.

This the 25th day of September , 2007.

s/John M. Roper Sr.
CHIEF UNITED STATES MAGISTRATE JUDGE